Peter S. Young CA SB No. 60219
Attorney at Law
271 Miller Ave.
Mill Valley, CA 94941
(415) 388-2400; *Facsimile (415) 388-2476*
webtuner@pacbell.net

William C. Carpenter Jr., *Pro Hac Vice*, Oregon SB No. 90045
474 Willamette St., Suite 303
Eugene, OR 97401
(541) 484-4436; *Facsimile: (541) 683-1346*
wcarpenter@igc.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA STAFFORD, </br> </br> Plaintiff, </br> </br> v. </br> </br> THE SOCIAL SECURITY ADMINISTRATION, and THE UNITED STATES, </br> </br> Defendants. | C 05-01113 EDL </br> </br> **STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIALITY** |

    Subject to the approval of this Court, plaintiff Donna Stafford and defendant, the Social Security Administration, by and through their undersigned counsel, hereby stipulate to the following protective order:

    The parties agree that entry of the following protective order is necessary in order to: (1) facilitate discovery of information without document by document controversy concerning confidentiality; (2) protect defendants' employees' privacy rights; (3) protect the plaintiff's private medical information, (4) protect the plaintiff's daughter's, Ms. Gina Stafford's, confidential information, and (5) avoid violation of the Privacy Act as codified at 5 U.S.C. §522a.  The parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

**STIPULATED ORDER**

All documents obtained from the parties in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any medical file, Social Security file, related Court file, or any personnel file of any person (the "Documents") shall be subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorneys employed by parties and the attorneys' staff; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) stenographic deposition reporters; and (f) other persons whom the parties mutually agree upon in writing;

3. Each of the named persons in section 2 must also sign the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A prior to having documents disclosed to him or her;

4. However, the Documents or the information contained therein may be disclosed to the Court in further proceedings herein, but those Documents or the information so disclosed shall remain protected under this Order; *to the extent consistent with Local Rule 79-5 and the Court's standing order on confidential and sealed documents, attached herewith.*

5. There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

6. Except as otherwise provided in Paragraphs 2 and 5, all of the Documents shall remain in the custody of the receiving party's attorney of record, including pro hac vice counsel, during the pendency of the litigation;

7. Upon final determination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel.   Likewise, documents, including copies, extracts or summaries thereof, produced by plaintiff that pertains to

the plaintiff or plaintiff's daughter's juvenile case shall be returned to the plaintiff. Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each pleading and other document filed with the Court that contains any of the Documents covered by this Order.  Furthermore, nothing in this paragraph shall be construed to require the receiving party's attorney to turn over any attorney work-product;

    8.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;  and,

    9.  This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action.  The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

**IT IS SO STIPULATED.**

DATED: August 16, 2005        PETER S. YOUNG, Attorney At Law

                                        /s/
                                    PETER S. YOUNG
                                    Attorney for Plaintiff Donna Stafford

DATED: August 16, 2005        WILLIAM C. CARPENTER, JR., Attorney At Law

                                        /s/
                                    WILLIAM C. CARPENTER, JR.
                                    Attorney *Pro Hac Vice* for Plaintiff Donna Stafford

KEVIN V. RYAN (CASB 118321)
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendants

**APPROVED AND SO ORDERED.** AS MODIFIED

Dated: August 18, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

*IT IS SO ORDERED AS MODIFIED*
*Elizabeth D. Laporte*
*Judge Elizabeth D. Laporte*

Encl.  Standing Order on Confidential and Sealed Documents.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on August __, 2005 in the case of <u>Stafford v. Social Security Administration</u>, C 05-1113 EDF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____