IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA STAFFORD,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,

    Defendants.

No. C-05-1113 EDL

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, AND DENYING THIRD PARTY DEPONENTS' MOTION TO QUASH**

Plaintiff Donna Stafford alleges that in the early 1990s, an employee of the Social Security Administration improperly disclosed information regarding her medical condition to Child Protective Services Agency (Marin County division). CPS then allegedly used this confidential information in state court juvenile dependency proceedings pertaining to Plaintiff's daughter, and disclosed the information to a number of parties, including the daughter. Plaintiff first learned of the disclosures in 2003, and sued the Social Security Administration for violation of the Privacy Act. See 5 U.S.C. § 552 (2006). Plaintiff alleges that the disclosure damaged her relationship with her daughter and also caused her other emotional and financial damage. In the course of discovery, Plaintiff served three deposition subpoenas on Marin County employees: Elizabeth Berg, who was Plaintiff's public defender for a part of the juvenile court proceedings; Kim Contreras, a CPS social worker who removed the daughter from Plaintiff's home; and Dulce McAllister, who was a Social Service Unit Supervisor for Marin County CPS. The three witnesses objected to being deposed on the ground that California law prevented them from testifying about juvenile court records without

permission from the juvenile court. See Cal. Welf. & Inst. Code § 827 (2006) ("Section 827"). After the Court granted Plaintiff and the third parties' request to hear the dispute on shortened time, Plaintiff filed a motion to compel the testimony and the third parties filed a motion to quash the subpoenas.

Plaintiff's sole claim arises under federal law. Therefore, federal privilege law applies. See Fed. R. Evid. 501; see also United States v. Schoenheinz, 548 F.2d 1389, 1390 (9th Cir. 1977) (declining to apply Oregon's employer-stenographer privilege and affirming order enforcing IRS summons); Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985) (federal privileges apply in § 1983 case); Northwestern Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925-26 (7th Cir. 2004) (Illinois privilege for disclosure of medical records does not apply in federal question suit regarding constitutionality of partial birth abortion ban act); Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000) ("federal courts are to apply federal law of privilege to all elements of claims except those 'as to which State law supplies the rule of decision.' In general, federal privileges apply to federal law claims, and state privileges apply to claims arising under state law") (quoting Fed. R. Evid. 501). Thus, the third parties' reliance on Section 827 is misplaced.

Nor does the California Court of Appeals opinion (In re Gina S., 133 Cal. App. 4th 1074 (2005)) somehow bar this Court from compelling the testimony sought. The question before the state court was different: whether Plaintiff could show certain documents to her attorneys in order to determine whether to pursue her Privacy Act claim. The court ruled in favor of Plaintiff on this issue, and remanded the case to the trial court. In doing so, it recognized that the general policy of restricting access to juvenile records to protect the minor's privacy must be balanced against a plaintiff's interest in vindicating her rights under federal law:

> We agree that the juvenile court's order was too restrictive insofar as it prohibited appellant from disseminating to her attorney any information from the juvenile records about the alleged violation of privacy. . . . Here, absent the ability to disseminate any information about the incident to her counsel or to allege it in a complaint, it would be virtually impossible to determine if there had been any wrongdoing, and if so to prove it.

Id. at 1086-87 (citing In re Anthony H., 129 Cal. App. 4th 495, 498 (2005)). Moreover, Plaintiff's request at issue here – to show documents to deponents and elicit testimony from deponents on the alleged disclosure and the damages that resulted from it – was not before the state court.

2

1    The third parties' other arguments also do not forestall the depositions. The Rooker-Feldman doctrine the third parties rely on in asking the Court not to hear this "appeal" from the California state court "judgment" was severely limited by Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005) ("The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Because Plaintiff did not lose in state court (on the contrary, the Court of Appeals remanded her case on that very issue), because there is no "judgment" and because Plaintiff filed her district court case before the Court of Appeals issued its opinion in Gina S., Rooker-Feldman does not apply.

Nor is the Court required to abstain in this instance. See Younger v. Harris, 401 U.S. 37, 44 (1971). "'Absent extraordinary circumstances, Younger abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.'" H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (quoting The San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998)). While the privacy interest of California minors is of paramount concern to the state, the Younger abstention doctrine is inapplicable. First, as explained above, while there is a state proceeding that has some relation to this one, the relief Plaintiff seeks in federal court is different than the relief that she sought in state court, and does not include issuing any orders to the state court. Second, the state proceedings do not provide an adequate opportunity to litigate her federal Privacy Act claim. The Court accordingly need not abstain from this discovery dispute.[1]

Although neither Section 827 nor principles of comity prevent the Court from ordering these deponents to testify, the Court shares the third parties' concerns for the privacy of Plaintiff's daughter, and applies the qualified right of privacy recognized in federal law. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. . . .

---

[1] The result might have been different if Plaintiff had asked this Court to issue an order allowing her to keep the documents that the Court of Appeals ordered her to return to the Superior Court, or if she had argued that Section 827 was unconstitutional. She did neither.

3

1  Resolution of a privacy objection or request for a protective order requires a balancing of the need
2  for the information sought against the privacy right asserted") (citations omitted).  Plaintiff intends
3  to disclose documents that contain information regarding the circumstances by which CPS
4  employees learned about Plaintiff's medical condition from one of Defendant's employees, and
5  intends to elicit testimony about these circumstances and about Plaintiff's damages.  The central
6  relevance of these documents to Plaintiff's claim – and accordingly to the United States' defense – is
7  undisputed.  In addition, testimony regarding whether and how CPS employees used this information
8  during the juvenile court proceedings is not available from any other source.  Moreover, the three
9  deponents already are aware of the underlying facts and of the juvenile records at issue.  For
10 example, Berg was Plaintiff's Public Defender during the dependency hearings in juvenile court, and
11 Plaintiff wishes to depose her concerning, *inter alia*, a two page declaration that Berg herself wrote.
12 Contreras, the social worker who removed Plaintiff's daughter from her home, is mentioned in a
13 Jurisdiction Report as the individual at CPS who learned from Defendant about Plaintiff's medical
14 condition.  McAllister signed the Jurisdiction Report as the Social Services Unit Supervisor.
15 Plaintiff intends to refer to the Jurisdiction Report during the depositions of Contreras and
16 McAlluster.  Plaintiff also intends to show deponents a CPS log document that mentions the alleged
17 disclosure in greater detail.  The deponents therefore not only know about the underlying
18 information, but they have either seen or composed the actual documents.  Showing them the
19 documents will not create new disclosures, so the daughter's privacy interest *vis-a-vis* these three
20 witnesses is implicated minimally if at all.  Finally, the protective order in place in this case will
21 provide another level of protection and prevent information concerning Plaintiff's daughter from
22 being disclosed outside a small number of people, many of whom already are aware of the
23 underlying facts in the documents.

24      Accordingly, the parties may use the records discussed above in the course of questioning the
25 deponents, and may question the deponents regarding the alleged disclosure of Plaintiff's
26 confidential information by Defendant, the impact of the alleged disclosure on CPS's decision to
27 remove the daughter from Plaintiff's custody, the timing of CPS's decision to remove the daughter
28 from Plaintiff's custody, and the context for Plaintiff's claims and her damages.  That the parties

4

may explore these topics and use these documents in discovery does not mean that the documents or deposition testimony will necessarily be admissible at trial. The Court reminds the parties that they should use all efforts to safeguard the privacy of Plaintiff's daughter, including but not limited to redacting documents to erase her name and any information not related to the claims at issue in Plaintiff's Privacy Act case. The Court also reminds the parties to follow the protective order at issue in this case scrupulously.

For the reasons set forth above, the Court GRANTS Plaintiff's motion to compel and DENIES the third parties' motion to quash.

**IT IS SO ORDERED**

Dated: March 31, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge