IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA STAFFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMIN.,<br><br>        Defendant.<br>                                       / | No. C-05-1113 EDL<br><br>**ORDER RE: DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ADMINISTRATIVE REQUEST TO FILE CERTAIN DOCUMENTS UNDER SEAL; AND REFERRING CASE FOR AN EMERGENCY SETTLEMENT CONFERENCE** |

## I.    Introduction

On June 6, 2006, the parties' cross-motions for summary judgment came on for hearing. The Court has issued an order granting in part Plaintiff Donna Stafford's motion and denying Defendant Social Security Administration's motion. See Docket No. 108. This Order separately addresses Defendant's evidentiary objections and Defendant's motion to file certain documents under seal, and refers the parties to a settlement conference to occur at the earliest convenience of the magistrate judge.

## II.    Evidentiary Objections

The Court overrules the objections that Defendant made to the following paragraphs of Plaintiff's Declaration: 11, 62, 63, 64, 73, 75. The Court sustains the objections that Defendant made to the following paragraphs of Plaintiff's Declaration: 23, 49 (Plaintiff concedes this objection), 51, and 91 (last sentence only).

The Court also sustains Defendant's objection to the declaration of Rodney Melkonoff. Mr. Melkonoff essentially contradicts the SSA's conclusion that Plaintiff suffered from a particular

1 mental illness.  However, this evidence does not impact any of the elements of Plaintiff's Privacy
2 Act claim.  At most, an erroneous diagnosis would be relevant for the purpose of calculating the
3 extent of Plaintiff's emotional distress and damages necessary to compensate that distress.
4 However, because there is a triable issue of fact on causation, and the Court has not reached the
5 issue whether emotional distress damages are available in a Privacy Act case, the Melkonoff
6 Declaration is not relevant and is stricken.

The Court overrules Defendant's first objection to the deposition testimony of Elizabeth Berg but sustains Defendant's objection to the opinions Ms. Berg stated at lines 11 and 17 of page 15 of her deposition.

### III.    Motion to Seal

Defendant lodged eight exhibits under seal.  See Lee Decl., Exs. I-P.  Although Defendant does not believe that the documents are confidential at this point in the litigation, it filed the documents under seal because Plaintiff had designated them as confidential.  Plaintiff filed a declaration supporting the confidential designation of the documents pursuant to Local Rule 79-5. See Docket No. 107.  Out of concern for the privacy of Plaintiff's daughter, whom these documents concern and who was a minor at the time these events occurred, the Court grants the motion to file Exhibits I-P under seal.

### IV.    Settlement Conference

On April 7, 2006, the parties attended an unsuccessful mediation session, and the mediator noted that no follow-up was contemplated.  Now that the parties have additional guidance from the Court, the Court refers the parties to a Settlement Conference with a Magistrate Judge to take place, if possible, by August 4, 2006.

**IT IS SO ORDERED.**

Dated: June 28, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

2