1  KEVIN V. RYAN (SBN 118321)
United States Attorney
2  JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney
4
    450 Golden Gate Avenue, Tenth Floor
5    San Francisco, California 94102
    Telephone:      (415) 436-6909
6    Facsimile:      (415) 436-6748
    Email: jonathan.lee@usdoj.gov
7
    Attorneys for Defendant
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  DONNA STAFFORD,                    )   No. C 05-1113 EDL
                                       )
13        Plaintiff,                   )   **STIPULATION CONFIRMING**
                                       )   **SETTLEMENT REACHED AT**
14        v.                           )   **JUDICIALLY SUPERVISED**
                                       )   **CONFERENCE BEFORE THE**
15  SOCIAL SECURITY ADMINISTRATION,    )   **HONORABLE MARIA ELENA JAMES**
    AND THE UNITED STATES,             )   **ON AUGUST 11, 2006; [**~~PROPOSED~~**]**
16                                     )   **ORDER**
          Defendants.                  )
17  _____)

18

19        IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFF DONNA STAFFORD,

20  ON THE ONE HAND, AND DEFENDANTS SOCIAL SECURITY ADMINISTRATION AND

21  UNITED STATES OF AMERICA, ON THE OTHER HAND, AS FOLLOWS:

22        1.   The parties do hereby agree to settle and compromise the above-entitled action under the

23             terms and conditions set forth herein.

24        2.   The United States of America, defendant, agrees to pay to the plaintiff the sum of Forty

25             Five Thousand Dollars ($45,000.00) exactly, which sum shall be in full settlement and

26             satisfaction of any and all claims, demands, rights, and causes of action of whatsoever

27             kind and nature, arising from, and by reason of any and all known and unknown, foreseen

28             and unforeseen bodily and personal injuries, damage to property and the consequences

thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees.

3. Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the sum of Forty Five Thousand Dollars ($45,000.00) exactly in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit.  Plaintiff and her heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators or assigns against any third party or against the United States of America.

4. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.  This settlement does not constitute an admission of liability or fault on the part of any party.

5. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

6. It is also agreed, by and among the parties, that the settlement amount of Forty Five Thousand Dollars ($45,000.00), which is to be paid by the United States of America to plaintiff, represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7.  The settlement amount will be made by a check payable to "Donna Stafford and her attorneys of record Peter Young and William C. Carpenter, Jr."  Plaintiff's counsel shall be responsible for distributing funds to plaintiff.

8.  In consideration of the payment of Forty Five Thousand Dollars ($45,000.00) and the other terms of this Stipulation and Agreement, as set forth above, plaintiff agrees to immediately upon execution of this agreement, execute the accompanying Stipulation and [Proposed] Order for Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in this Action, which is captioned *Donna Stafford v. Social Security Administration, United States of America*, C 05-1113 EDL.  The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount and the completion of the settlement terms described herein.

9.  Plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

10. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by her must have materially affected her settlement with the debtor."

11. Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different

from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiff's pleadings in this action.

13. Plaintiff agrees to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, arising out of the allegations set forth in plaintiff's complaint in this action.

14. Defendant will tender the settlement check within sixty days of the date of the settlement, which settlement occurred on August 11, 2006 when the Honorable Maria-Elena James placed the terms of settlement on the record and the parties, including plaintiff, affirmed their agreement to the terms and conditions of settlement.

15. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.

16. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

17. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue any of the original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

18. This stipulation may be signed in counterparts.  Each party acknowledges that they have been represented by and have relied upon their respective counsel in negotiating, preparing, and entering into this Stipulation and Agreement and that they have had the

1   preparing, and entering into this Stipulation and Agreement and that they have had the

2   contents of this Stipulation and Agreement fully explained by their respective counsel

3   and that they are fully aware of and understand all of the terms of the agreement and the

4   legal consequences thereof.  It is further acknowledged that the parties have mutually

5   participated in the drafting of this agreement and it is agreed that no provision shall be

6   construed against any party hereto by virtue of the drafting of this Stipulation and

7   Agreement.

8   19.  The parties confirm that this settlement includes all actual or potential claims related to

9      the subject matter of this litigation that were or could have been brought by plaintiff.

10     The parties confirm that this settlement includes all actual or potential claims related to

11     the subject matter of this litigation that were or could have been brought by plaintiff's

12     attorneys of record, Peter S. Young and William C. Carpenter, Jr., for attorney's fees or

13     litigation expenses or costs.

14   20.  The parties further agree that the filing of this executed Stipulation and Agreement shall

15     notify the Court of the parties' agreement to vacate all pending discovery, motion

16     hearing dates, settlement or pretrial deadlines or trial date associated with this litigation.

19   DATED: August 21, 2006

DONNA STAFFORD
Plaintiff

22   DATED: August 21, 2006

PETER S. YOUNG
Attorney for Plaintiff Donna Stafford

25   DATED: August 21, 2006

WILLIAM C. CARPENTER, JR.
Attorney *Pro Hac Vice* for Plaintiff Donna Stafford

1  DATED:      August ___, 2006          KEVIN V. RYAN
                                         United States Attorney
2
3                                        _____/s/_____
                                         JONATHAN U. LEE
4                                        Attorneys for Defendants

5  **BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED:**

6
   DATED: ___August 28, 2006___
7
8                                        HON. ELIZABETH D. LAPORTE
                                         United States Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

